# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **KADANT JOHNSON INC.,** | Case No.: 3:12-mc-00126 |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **JOSEPH V. D'AMICO,** *ET AL.*, | |
| Defendants. | |

*IN RE* **E.S. CONSTANT COMPANY,**

       Non-Party Subpoena Recipient.

James M. Barrett, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Portland, OR, and Paul S. Balanon, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New Orleans, LA, for Plaintiff.

Thomas P. Hubert, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, for Defendants.

David P. Smith, The Smith Firm, P.C., West Linn, OR, for Non-Party Subpoena Recipient E.S. Constant Company.

**SIMON, District Judge.**

Kadant Johnson Inc. ("Kadant Johnson") is the plaintiff in a lawsuit pending in United States District Court for the Eastern District of Louisiana, styled *Kadant Johnson Inc. v. Joseph V. D'Amico, et al.,* Civil Action No. 2:10-cv-02869-HGB-JCW c/w 11-CV-0036 (the "Louisiana Action"). On February 1, 2012, in connection with that lawsuit, Kadant Johnson served a subpoena *duces tecum* on E.S. Constant Company ("E.S. Constant"), an Oregon company that is not a party in the Louisiana Action. This subpoena, issued under the authority of the United States District Court for the District of Oregon, commanded E.S. Constant to produce to counsel for Kadant Johnson copies of certain documents not later than February 17, 2012. E.S. Constant did not comply with the subpoena, timely serve any written objections to the subpoena, or move to quash the subpoena. Instead, on March 23, 2012, counsel for E.S. Constant told counsel for Kadant Johnson that E.S. Constant did not respond to the subpoena because E.S. Constant did not believe that the subpoena had been properly signed.

Kadant Johnson moves this Court for an order compelling E.S. Constant to comply with the subpoena. (Dkt. # 1.) For the reasons stated below, this Court finds that Kadant Johnson's counsel adequately signed the subpoena and that E.S. Constant waived its objections to the subpoena by not timely serving written objections. Accordingly, E.S. Constant is ordered to produce to counsel for Kadant Johnson within fourteen days from the date of this Order copies of all responsive documents, other than those properly withheld under the attorney-client privilege. It is further Ordered that counsel for Kadant Johnson shall treat all documents received from E.S. Constant as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" under the terms of the Stipulated Protective Order previously entered in the Louisiana Action, absent stipulation by all parties, including E.S. Constant, or express order from the Court in the Louisiana Action.

OPINION AND ORDER, Page 2

Rule 26(g)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> (1) *Signature Required; Effect of Signature:* Every . . . discovery request . . . must be signed by at least one attorney of record in the attorney's own name . . . and must state the signer's address, e-mail address, and telephone number. . . .

The purpose of this requirement and the effect of such a signature is to certify that, among other things, the discovery request is consistent with the Federal Rules of Civil Procedure, not interposed for any improper purpose, and neither unreasonably nor unduly burdensome or expensive. Fed. R. Civ. P. 26(g)(1)(B). Rule 26(g)(2) provides, in relevant part:

> (2) *Failure to Sign.* Other parties have no duty to act on an unsigned . . . request . . . until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

Thus, an attorney's signature on a discovery request is important and has consequences. Similarly, the failure of an attorney to sign a discovery request has consequences, albeit easily curable.

The subpoena *duces tecum* from Kadant Johnson to E.S. Constant Company states at the bottom of the page in clear and conspicuous language:

> The name. address, e-mail, and telephone number of the attorney representing (*name of party*) Kadant Johnson Inc. /s/ Paul S. Balanon, who issues or requests this subpoena, are: Paul S. Balanon (Tel: 504-648-3840; Email: paul.balanon@ogletreedeakins.com) Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 650 Poydras Street, Suite 2550; New Orleans, LA 70113

Declaration of Paul S. Balanon dated April 13, 2012 (Dkt. # 3) ("Balanon Decl."), Ex. A, p. 3. (Mr. Balanon's signature appears in the document where "/s/ Paul S. Balanon" is written above.) This is sufficient to satisfy the signature requirements of both Rule 26(g)(1) (governing discovery generally) and Rule 45(a)(3)(B) (governing subpoenas).

OPINION AND ORDER, Page 3

In response, E.S. Constant makes three arguments against the validity of the subpoena. First, E.S. Constant observes that the signature line on the form subpoena bearing the label "*Attorney's signature*" is blank. The Federal Rules of Civil Procedure, however, do not require that an attorney sign a subpoena in any particular place on the subpoena, and E.S. Constant has not provided any legal authority to the contrary. In addition, in light of the fact that Mr. Balanon's signature, and all other information required by Rule 26(g)(1), appears immediately below that blank signature line, E.S. Constant's argument elevates form over substance. In fact, E.S. Constant's position is an example of the sort of frivolous gamesmanship that unnecessarily increases the cost of litigation for parties and non-parties alike and improperly delays the appropriate resolution of legal disputes.

Second, E.S. Constant argues that the subpoena is undated. The subpoena, however, clearly states both the date and the time for the required production: "02/17/2012 9:00 a.m." Balanon Decl., Ex. A, p. 3. Although there is a blank line on the form subpoena for a date to be entered, E.S. Constant has failed to identify any legal authority, in the Federal Rules of Civil Procedure or elsewhere, that a subpoena must contain the date of its issuance or signing in order to be valid.

Third, E.S. Constant argues, in its written submission to the Court, that Mr. Balanon is not authorized to sign a subpoena issued under the authority of the United States District Court for the District of Oregon because he is not admitted to practice in that court. The issuance, form, and content of subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. For subpoenas commanding the production or inspection of documents (if separate from a subpoena commanding a person's attendance at a trial, hearing, or deposition), Rule 45 provides that such a subpoena must issue "from the court for the district where the production or

inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Although such a subpoena may be issued by the clerk of that court, it also may be issued and signed by an attorney

> as an officer of . . . a court for the district where . . . production is to be made, *if the attorney is authorized to practice in the court where the action is pending*.

Fed. R. Civ. P. 45(a)(3)(B) (emphasis added).

In this case, Kadant Johnson's attorney Paul Balanon is an attorney authorized to practice in the court where the Louisiana Action is pending. Mr. Balanon, therefore, is authorized to issue and sign a subpoena from the District of Oregon that directs the production or inspection of documents within the District of Oregon in connection with the Louisiana Action. That is precisely what Mr. Balanon did in this case. Thus, E.S. Constant's argument to invalidate the subpoena on the grounds that Mr. Balanon was not an attorney admitted to practice in the District of Oregon is not well taken. In fact, it too is frivolous, and E.S. Constant withdrew that argument during the telephone hearing held in this matter.

E.S. Constant also argues that if the subpoena is found to be enforceable, then E.S. Constant should not be held to have waived its other objections to the specific document requests contained in the subpoena. E.S. Constant, however, could have timely served specific written objections to the subpoena in addition to its general objection that the subpoena was invalid. Had E.S. Constant done so, it would not have waived any substantive objections timely made. Instead, however, E.S. Constant simply ignored its obligations under the subpoena and served no written objections at all until May 2, 2012, after Kadant's Johnson's motion to compel was filed in this Court.

Rule 45(c)(2)(B) provides, in relevant part:

> *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to

OPINION AND ORDER, Page 5

> inspecting, copying . . . . *The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.*

(Emphasis added.) Thus, E.S. Constant's deadline in which to serve its written objections was February 15, 2012 (or, possibly, February 17, 2012). Serving written objections for the first time on May 2, 2012, is too late. Those objections have been waived. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. CA 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived"); *Whitlow v. Martin,* 263 F.R.D. 507, 510 (C.D. IL 2009) (same); *see also In re DG Acquisition Corp.* 151 F.3d 75, 81 (2d Cir. 1998) ("We believe that Rule 45(c)(2)(B) does require the recipient of a subpoena to raise all objections at once, rather than in staggered batches so that discovery does not become a 'game'").

In response, E.S. Constant refers this Court to *American Electric Power Co. v. United States,* 191 F.R.D. 132 (S.D. OH. 1999). In that case, the court held:

> The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections. . . . In unusual circumstances *and for good cause*, however, the failure to act timely will not bar consideration of objections.

*American Electric,* 191 F.R.D. at 136 (quotation marks and citations omitted) (emphasis added). Although E.S. Constant correctly states this proposition of law, for the reasons stated above, good cause has not been shown in the particular facts of the pending dispute.

Finally, on April 26, 2012, after Kadant Johnson filed its motion to compel, Defendants filed objections to the non-party subpoena issued to E.S. Constant. Among their other objections, Defendants argue that the non-party subpoena directed to E.S. Constant is "invalid

and unenforceable,"[1] is "untimely,"[2] is "unduly burdensome," and seeks "irrelevant" and "confidential information."  A party, however, generally has no standing to object to a subpoena issued to a third party.  *See Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); *Moon*, 232 F.R.D. at 636 ("A party cannot object to a subpoena *duces tecum* served on a non-party, but rather, must seek a protective order or make a motion to quash.").  Defendants do not argue that disclosure of the subpoenaed documents would violate a privilege that belongs to Defendants.  Moreover, Defendants, received notice on February 1, 2012, of the subpoena served on E.S. Constant.  *See* Balanon Decl., Ex. A, pp. 1-2.  Defendants offer no good cause for why they waited until April 26, 2012, in which to serve their objections.

Nevertheless, there may be issues relating to this third-party document production about which this Court has insufficient knowledge.  Accordingly, this Court will not require the production of documents properly withheld under the attorney-client privilege.  In addition, this Court is aware that a two-tier Stipulated Protective Order has been entered in the Louisiana Action, which allows for the designation of highly confidential documents and information to be

---

[1]  Defendants repeat the same frivolous argument made by E.S. Constant that because Mr. Balanon was not admitted to practice before the District of Oregon at the time the subpoena was issued, it is invalid on its face.  This argument is refuted by the plain language of Fed. R. Civ. P. 45(a)(3)(B); *see also Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 87 (E.D. PA 1994).

[2]  Defendants argue that discovery in the Louisiana Action "has ended and Plaintiff should not be permitted to evade the controlling scheduling order. . . . The Eastern District of Louisiana has made it quite clear that discovery in this matter is closed."  Defendants, however, fail to mention the minute entry entered in the Louisiana Action on November 15, 2011, stating:  "The court's previously imposed prohibition against parties to these consolidated cases serving each other with subpoenas does not apply to third-party document production subpoenas served on non-parties." (Emphasis in original.)  In any event, the Court in the Louisiana Action is in the best position to determine whether discovery in that case is untimely and should be precluded.

OPINION AND ORDER, Page 7

subject to an "Attorneys' Eyes Only" limitation.  Thus, out of an abundance of caution and without objection by Kadant Johnson, this Court will require that counsel for Kadant Johnson treat all documents received from E.S. Constant as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" under the terms of the Stipulated Protective Order that has been entered in the Louisiana Action, absent stipulation by Plaintiff, Defendants, and E.S. Constant, or express order by the Court in the Louisiana Action.  The Motion to Compel (Dkt. #1) is GRANTED.

**IT IS SO ORDERED.**

DATED this 4th day of May, 2012.

/s/ Michael H. Simon_____
Michael H. Simon
United States District Judge