**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **KADANT JOHNSON INC.,** | Case No.: 3:12-mc-00126-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER, INCLUDING ORDER OF CIVIL CONTEMPT AND SANCTIONS AGAINST E.S. CONSTANT COMPANY** |
| **JOSEPH V. D'AMICO, *ET AL.*,** | |
| Defendants. | |

*IN RE* E.S. CONSTANT COMPANY,

Non-Party Subpoena Recipient.

James M. Barrett, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Portland, OR, and Paul S. Balanon, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New Orleans, LA, for Plaintiff.

Joseph A. Tripi, The Law Office of Joseph A. Tripi, PC, Portland, OR and Thomas P. Hubert, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, for Defendants.

David P. Smith, The Smith Firm, P.C., West Linn, OR, for Non-Party Subpoena Recipient E.S. Constant Company

**SIMON, District Judge.**

For the reasons stated below, Defendants' Motion for Stay Pending Appeal Or, in the Alternative, to Temporarily Stay Pending Motion for Stay Filed with the Court of Appeals (Doc. 23) is **DENIED**, and Plaintiff's Motion for Contempt (Doc. 25) is **GRANTED**.

## BACKGROUND

Kadant Johnson Inc. ("Kadant Johnson" or "Plaintiff") is the plaintiff in a lawsuit pending in U. S. District Court for the Eastern District of Louisiana, styled *Kadant Johnson Inc. v. Joseph V. D'Amico, et al.,* Civil Action No. 2:10-cv-02869-HGB-JCW c/w 11-CV-0036 (the "Louisiana Action"). Joseph V. D'Amico; Louisiana Steam Equipment, LLC; Utilities Optimization Group, LLC; LSE Systems, Inc.; and Utility Construction Group, Inc. (collectively, "the Louisiana Defendants" or "Defendants") are the defendants in the Louisiana Action. On February 1, 2012, in connection with the Louisiana Action, Kadant Johnson served a subpoena *duces tecum* on E.S. Constant Company ("E.S. Constant"), an Oregon company that is not a party in that lawsuit. This subpoena, issued under the authority of the U. S. District Court for the District of Oregon, commanded E.S. Constant to produce to counsel for Kadant Johnson copies of certain documents. E.S. Constant failed to comply with the subpoena, failed to timely serve written objections to the subpoena, and failed to move to quash the subpoena.

After the deadline for compliance with the subpoena had passed, Kadant Johnson filed a motion with this Court for an order compelling E.S. Constant to comply. The court reviewed legal memoranda and any related declarations from Kadant Johnson, E.S. Constant, and the Louisiana Defendants, and heard oral argument from each of these three parties. On May 4, 2012, the court issued its Opinion and Order (Doc. 20), holding that Kadant Johnson's subpoena

was valid, that E.S. Constant waived its objections to the specific demands contained in the subpoena by not timely serving written objections, and that E.S. Constant failed to show good cause for its failure to act timely.  Accordingly, the court granted Kadant Johnson's motion to compel and ordered that E.S. Constant produce to counsel for Kadant Johnson copies of all responsive documents, other than those properly withheld under the attorney-client privilege, by May 18, 2012 (fourteen days after the issuance of the Opinion and Order compelling production).  To protect E.S. Constant's potential trade secrets or other confidential information, however, the court directed counsel for Kadant Johnson to treat all documents produced by E.S. Constant as "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" under the terms of the two-tier Stipulated Protective Order entered in the Louisiana Action, absent stipulation by all parties (including E.S. Constant) or express order from the Court in the Louisiana Action. (Doc. 20.)

E.S. Constant did not produce the documents that this court ordered E.S. Constant to produce by May 18, 2012.  Instead, E.S. Constant ignored this court's Opinion and Order, just like E.S. Constant ignored the subpoena *duces decum* previously served by Kadant Johnson.

On May 17, 2012, one day before the May 18th deadline for E.S. Constant to comply with the court's Order, the Louisiana Defendants filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit.  (Doc. 21.)  On May 22, 2012, four days after the May 18th deadline, the Louisiana Defendants (but not E.S. Constant) filed with this court Defendants' Motion for Stay Pending Appeal Or, in the Alternative, to Temporarily Stay Pending Motion for Stay Filed with the Court of Appeals (Doc. 23.)  Also on May 22, 2012, Kadant Johnson filed with this court Plaintiff's Motion for Contempt (Doc. 25.)  These two motions will be addressed separately below.

OPINION AND ORDER, Page 3

## DISCUSSION

### I.    The Louisiana Defendants' Motion for Stay and Alternative Motion

#### A.    Standards

Four factors are relevant to a court's consideration of a motion to stay an order pending appeal: (1) whether the movant will suffer irreparable injury without the stay; (2) whether the stay will substantially injure any other party interested in the proceeding; (3) whether the movant has made a strong showing he is likely to succeed on the merits of the appeal; and (4) where the public interest lies. *See Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). The Ninth Circuit has applied the *Hilton* factors by requiring the party seeking a stay to show either "a strong likelihood of success on the merits and the possibility of irreparable harm" or that serious legal questions are raised and the "balance of hardships tips sharply in . . . favor [of the party seeking the stay]." *Golden Gate Rest. Ass'n v. City & Cnty. of S. F.,* 512 F.3d 1112, 1115-16 (9th Cir. 2008) (citations omitted).

#### B.    Irreparable Injury to the Moving Party

The Defendants argue that without a stay, they "will be irreparably harmed by having no appellate review of this Court's order pending appeal." Defendants' Memorandum in Support of Defendants' Motion for Stay ("Defs'. Mem.") (Doc. 24), at 4. Defendants further argue that a ruling by the federal court in the Louisiana Action "has already been circumvented" and that the "Ninth Circuit – or any other appellate court – will have no ability to review this Court's order after trial" of the Louisiana Action. *Id.* Relevant to the court's analysis, however, is that the trial of the Louisiana Action is scheduled to begin on June 11, 2012, just six days from now. Plaintiff's Opposition to Motion for Stay ("Pl.'s Opp'n") (Doc. 30), at 9.

OPINION AND ORDER, Page 4

Defendants' arguments are without merit.  Even if E.S. Constant were to comply with this court's order and produce the required third-party documents for use in the Louisiana Action, Defendants' appeal to the Ninth Circuit would not become moot because the Ninth Court would still be able to fashion some form of meaningful relief if it were to reverse the underlying order.  In *Church of Scientology of California v. United States,* 506 U.S. 9 (1992), the Supreme Court held that the Church of Scientology's appeal of an order enforcing an IRS summons for materials allegedly protected by the attorney-client privilege was not moot even though the party holding the requested materials (a district court clerk) had complied with the subpoena and provided the materials to the IRS.  *Id.* at 11.  The Supreme Court found that "[w]hile a court may not be able to return the parties to the *status quo ante* . . . a court can fashion some form of meaningful relief in circumstances such as these." *Id.* at 12-13.  Specifically, "a court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession.  The availability of this possible remedy is sufficient to prevent this case from being moot." *Id.* at 13.  The same result is available here.  If the Ninth Circuit were to reverse this court's order, either the Ninth Circuit or this court could afford a partial remedy to Defendants by directing Plaintiff (Kadant Johnson) to destroy or return any and all copies in its possession, custody, or control of any documents produced by E.S. Constant pursuant to this court's order.  Thus, Defendants' appeal would not be moot.

Defendants further argue that Plaintiff has "circumvented" an order of the court in the Louisiana Action by serving a third-party subpoena on E.S. Constant and that irreparable injury to Defendants will occur if a stay is not granted.  Defs'. Mem. at 4.  This argument lacks merit for two reasons.  First, the court in the Louisiana Action expressly allowed the parties to seek discovery through the issuance of third-party subpoenas.  *See* Minute Order dated November 15,

2011 from U.S. Magistrate Judge Wilkinson in the Louisiana Action, attached to the Declaration of Paul S. Balanon filed April 13, 2012 (Doc. 3), Ex. D, at 2 ("The court's previously imposed prohibition against <u>parties</u> to these consolidated cases serving each other with subpoenas does <u>not</u> apply to third-party document production subpoenas served on non-parties.") (emphasis in original). Thus, Plaintiff does not appear to be circumventing any order of the Court in the Louisiana Action. Second, even if Defendants were correct that Plaintiff somehow is attempting to circumvent an order issued in the Louisiana Action, the court in that lawsuit would be in the best position to recognize such a possibility and issue a remedy, if one were needed. Thus, there will be no irreparable injury to Defendants by denying their motion for a stay.

C.    *Substantial Injury to the Non-Moving Party*

Defendants argue that a stay of this court's discovery order will not substantially injure Plaintiff (Kadant Johnson) because the court in the Louisiana Action "has already held that Kadant is not entitled to the requested documents absent prior court approval." Defs'. Mem. at 5. Here, Defendants refer to comments made by U.S. Magistrate Judge Wilkinson in the Louisiana Action in an order dated September 28, 2011. *Id.* In that order, however, Judge Wilkinson ruled that the parties in the Louisiana Action may not serve *each other* with additional discovery demands without prior leave of court. As discussed above, Defendants fail to mention to this court that Judge Wilkinson, in his order dated November 15, 2011, expressly allowed the parties in the Louisiana Action to continue to serve third parties with subpoenas for documents. (Doc. 3, Ex. D, at 2.) In addition, Plaintiff argues that because the trial of the Louisiana Action is scheduled to begin on June 11, 2012, Plaintiff will suffer injury because it "will be foreclosed from the ability to use the E.S. Constant documents at trial." Pl.'s Opp'n, at 9. The court agrees. Thus, Defendants' argument that a stay will not injure Plaintiff is without merit.

OPINION AND ORDER, Page 6

D.      *Likelihood of Success of Appeal*

Defendants argue that their appeal is likely to succeed and that "the Ninth Circuit will likely vacate this Court's discovery order on appeal." Defs.' Mem., at 6. Defendants, however, raise no arguments that were not previously raised by E.S. Constant or Defendants and thoroughly considered and rejected by this court. Nothing has come to the court's attention to lead it to believe that the Order of May 4, 2012, was incorrect. Thus, Defendants have not shown a likelihood of success on the merits of their appeal.

E.      *The Public Interest*

Defendants argue that a stay on appeal will serve the public interest because "through litigation gamesmanship, Kadant has circumvented the Eastern District of Louisiana's order ending written discovery, absent court approval." Defs'. Mem., at 7. Defendants further argue that Plaintiff is using discovery against a non-party "either to gain a competitive advantage or disrupt the business relationship between E.S. Constant and [Defendant] LSE." Defs'. Mem., at 8. Both arguments are without merit.

First, as discussed previously, Judge Wilkinson ruled in the Louisiana Action that the parties may not serve *each other* with additional discovery demands without prior leave of court. In his order dated November 15, 2011, however, Judge Wilkinson expressly allowed the parties to continue to serve *third parties* with subpoenas for documents. It does not, therefore, appear that Plaintiff is attempting to circumvent any ruling in the Louisiana Action. Moreover, the federal court in the Louisiana Action is in the best position to make that determination and provide a remedy, if one were needed.

Second, this court's discovery order directed that counsel for Kadant Johnson maintain the documents received from E.S. Constant in accordance with the "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" protections afforded under the existing two-tier Stipulated Protective Order in the Louisiana Action. Thus, the court rejects Defendants' speculation that Plaintiff's third-party discovery directed to E.S. Constant is intended either to gain a competitive advantage or to disrupt the business relationship between E.S. Constant and Defendant LSE.

Finally, this case does not appear to affect the public interest in any meaningful way, except possibly to the extent that the public interest is best served when parties do not ignore valid subpoenas or court orders. In any event, Defendants' motion to stay is denied because Defendants fail to show either irreparable injury to the moving party or a likelihood of success on the merits of their appeal.

F.    *Motion to Temporarily Stay Pending Motion for Stay Filed with Court of Appeals*

For the reasons stated above, the court is also denying Defendants' alternative motion to temporarily stay pending motion for stay filed with the Court of Appeals. Because the Louisiana Action is scheduled to begin trial on June 12, 2012, and because Defendants' appeal is unlikely to succeed on the merits, it appears to this court that the primary motivation for Defendants' motion to stay and alternative motion to temporarily stay is to attempt to avoid the possibility that E.S. Constant might disclose responsive documents to Kadant Johnson for use in the Louisiana Action. This court does not approve of such litigation gamesmanship and delaying tactics. Nor do the federal rules. *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

OPINION AND ORDER, Page 8

II.     **Kadant Johnson's Motion for Contempt Against E.S. Constant and Findings of Fact, Conclusions of Law, and Order of Civil Contempt and Sanctions Against E.S. Constant Company**

This matter came before the court on Kadant Johnson's Motion for Contempt against E.S. Constant. The court has considered the written submissions of the Plaintiff Kadant Johnson, Defendants, and E.S. Constant and the arguments made by counsel during the hearing held on June 5, 2012. The court deems itself apprised in the premises and finds from clear and convincing evidence that E.S. Constant has willfully failed to comply with the court's Order dated May 4, 2012. E.S. Constant is, therefore, in contempt of court. Accordingly, the court issues this order of civil contempt and sanctions against E.S. Constant in order to compel E.S. Constant to comply.

A.      *Standards for Civil Contempt and Retention of Jurisdiction*

The court has the inherent power to enforce compliance with its lawful orders. *Shillitani v. United States,* 384 U.S. 364, 370 (1966). The court is also empowered to enforce compliance with its orders pursuant to 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."). *See Britton v. Co-op Banking Group,* 916 F.2d 1405, 1409 n. 4 (9th Cir. 1990) (finding civil contempt encompassed within 18 U.S.C. § 401); *see generally Nilva v. United States,* 352 U.S. 385 (1957) (holding that failure of corporation to produce records in its control when requested by subpoena constitutes criminal contempt); *see also* Fed. R. Civ. P. 45(e).

In a civil contempt action, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v.*

OPINION AND ORDER, Page 9

*Affordable Media, LLC.,* 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and Cnty. of S. F.,* 968 F.2d 850, 856 n. 9 (9th Cir. 1992)).

The filing of a notice of appeal does not divest this court of authority to issue a contempt citation for failure to comply with a court order. *See Am. Town Ctr. v. Hall 83 Assoc.,* 912 F.2d 104, 110 (6th Cir. 1990) (holding that even after an appeal has been taken district court has authority to issue a contempt citation for failure to comply with court order, based on the "crucial distinction between *expansion* and *enforcement* of judgments" (citation omitted) (emphasis in original)); *see generally Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 957 (9th Cir.1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed."); *Stein v. Wood,* 127 F.3d 1187, 1189 (9th Cir. 1997) ("There are a number of exceptions to the general rule that a district court loses jurisdiction upon the filing of a notice of appeal. . . . . A district court may retain jurisdiction when it has a duty to supervise the status quo during the pendency of an appeal, or in aid of execution of a judgment that has not been superseded.") (citations omitted); *U.S. v. Phelps,* 283 F.3d 1176, 1181 (9th Cir. 2002) (holding that exceptions from the divestiture of jurisdiction rule are permissible so long as they do not frustrate the purpose of the rule).

B.      *Findings of Fact*

1.      After providing all interested parties (*i.e.,* Plaintiff, Defendants, and E.S. Constant) with a full and fair opportunity to be heard, both in writing and in oral argument, the court issued its written Opinion and Order ("Order") dated May 4, 2012. (Doc. 20.) In that Order, the court stated:

> Accordingly, E.S. Constant is ordered to produce to counsel for Kadant Johnson within fourteen days from the date of this order copies of all

OPINION AND ORDER, Page 10

responsive documents, other than those properly withheld under the
attorney-client privilege. It is further Ordered that counsel for Kadant
Johnson shall treat all documents received from E.S. Constant as
"CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" under the terms
of the Stipulated Protective Order previously entered in the Louisiana
Action, absent stipulation by all parties, including E.S. Constant, or
express order from the Court in the Louisiana Action.

Order (Doc. 20), at 2.

2.    Under this court's Order of May 4, 2012, E.S. Constant had until May 18,

2012, in which to produce the required documents. E.S. Constant did not do so. In addition, by

the end of the day on May 18, 2012, neither E.S. Constant nor Defendants had filed a motion to

stay this court's Order pending appeal.

3.    Although Defendants filed their Notice of Appeal (Doc. 21) on May 17,

2012, Defendants' Motion for Stay Pending Appeal (Doc. 23) was not filed until May 22, 2012,

which was four days after the deadline had passed for E.S. Constant to comply with this court's

Order.

4.    E.S. Constant itself never either filed a motion to stay or a motion joining

Defendants' motion to stay.

5.    E.S. Constant has failed to demonstrate that it was unable to comply with

this court's Order of May 4, 2012. In fact, before the court even issued its Order on May 4th,

E.S. Constant had already collected and gathered its documents responsive to Kadant Johnson's

subpoena, amounting to a three-inch stack of papers. *See* Declaration of Paul S. Balanon filed

April 30, 2012 (Doc. 16), Ex. A (Doc. 16-1), at 1 (email dated April 24, 2012 10:08 AM from

Paul S. Balanon to David Smith confirming conversation between them). Thus, E.S. Constant

was able to comply with the court's Order dated May 4, 2012, as soon as that Order was issued. Instead, E.S. Constant chose not to comply.

C.    *Conclusions of Law*

1.     Kadant Johnson, as the party moving for a contempt citation against contemnor E.S. Constant, has shown by clear and convincing evidence that contemnor violated a specific and definite order of the court, namely the court's Order dated May 4, 2012 (Doc. 20).

2.     In response to Kadant Johnson's motion, E.S. Constant asserts that "there is no evidence of willful disobedience of the Court's Order by E.S. Constant." Memorandum of E.S. Constant in Opposition to Plaintiff's Motion for Contempt ("E.S. Constant's Opp'n."), at 3. E.S. Constant adds: "In fact, before E.S. Constant was able to take reasonable steps to ensure compliance with the Court's Order, the Defendants appealed the court's ruling to the Ninth Circuit Court of Appeals, and sought an order from the court staying enforcement of the discovery Order." *Id.* at 3-4. These statements by E.S. Constant, however, are belied by the facts stated above.

3.     Filing a motion for a stay from the effect of an order four days after the deadline to comply with that order has passed does not excuse a failure to comply when compliance was due.

4.     E.S. Constant argues that it has been put in the "middle" of a discovery dispute between Plaintiff and Defendants. E.S. Constant's Opp'n. at 2. Whether or not that is the case, E.S. Constant's legal obligation is clear: it must comply with a court order.

5.     E.S. Constant further argues that it "should not be punished for failing to respond to a subpoena that was not properly issued and is void on its face." *Id.* at 5.  That, however, is not why E.S. Constant is being held in contempt.  It is being held in contempt for willfully disobeying this court's Order of May 4, 2012.

6.     E.S. Constant asks this court to "weigh all the evidence properly before it" as the court "determines whether or not the failure to comply constitutes deliberate defiance or willful disobedience, which a coercive sanction will break." *Id.* at 3, citing *Maggio v. Zeitz,* 333 U.S. 56, 76 (1948).  The court has done so.

7.     The failure to produce documents or other information in response to a court order can constitute contemptuous conduct. *Federal Trade Commission v. Productive Marketing, Inc.,* 136 F. Supp. 2d 1096, 1010-11 (C.D. Ca. 2001); *see also* 18 U.S.C. § 401.

8.     Substantial compliance can be a defense to contempt, but a party must take all reasonable steps within its power to comply with a specific and definite court order. *Productive Marketing, Inc.,* 136 F. Supp. 2d at 1105; *see also Shuffler v. Heritage Bank,* 720 F.2d 1141, 1146-47 (9th Cir. 1983).  In the pending matter, no evidence has been presented to the court that shows or even suggests that E.S. Constant took all reasonable steps within its power to comply with this court's Order of May 4, 2012.  To the contrary, the evidence shows that E.S. Constant had previously gathered its responsive documents before the court issued its Order of May 4, 2012 (amounting to approximately a three-inch stack of documents), yet failed to deliver those documents to Kadant Johnson as required by the court's Order of May 4, 2012.

9.     E.S. Constant willfully disregarded all of its obligations under the court's Order of May 4, 2012.

OPINION AND ORDER, Page 13

10.    Compulsory and/or compensatory sanctions, otherwise known as civil sanctions, are intended to: (1) coerce a contemnor into compliance with a court's order; and (2) compensate the complainant for losses sustained as a result of the contumacious behavior. *Productive Marketing, Inc.,* 136 F. Supp. 2d at 1112 (citing *United States v. Ayres,* 166 F.3d 991, 997 (9th Cir. 1999)).

11.    Civil sanctions are appropriate when the "contemnor is able to purge the contempt by his own affirmative act and 'carries the keys of the prison in his own pocket,'" *Productive Marketing, Inc.,* 136 F. Supp. 2d at 1112 (quoting *Ayres,* 166 F.3d at 997).

12.    Conditional fines are appropriate civil sanctions when imposed to coerce compliance. *Productive Marketing, Inc.,* 136 F. Supp. 2d at 1111.

13.    Courts have wide discretion to determine what compensatory contempt fine should be imposed. *United States v. Asay,* 614 F.2d 655, 660 (9th Cir. 1980) (citing *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)).

D.    *Order of Civil Contempt and Sanctions*

The court hereby GRANTS Plaintiff's Motion for Contempt (Doc. 25) and finds E.S. Constant in contempt of court for failing to comply with this court's Order of May 4, 2012 (Doc. 20). The court issued a lawful and valid Order on that date directing E.S. Constant to produce responsive documents to counsel for Kadant Johnson. E.S. Constant did not do so and has not shown good cause or any other valid excuse for its failure to comply with this court's Order. Accordingly, the court concludes that E.S. Constant is in contempt of court for its failure to provide documents as required in the court's Order of May 4, 2012. Coercive and compulsory

sanctions are necessary to obtain E.S. Constant's compliance. Accordingly, civil contempt sanctions are ordered against E.S. Constant as follows:

1.      As of the date of entry of this Order, the court imposes **a conditional fine of $25,000**, plus the additional conditional fine described in paragraph 2 below, unless E.S. Constant purges itself of contempt by producing the documents directed in the court's Order of May 4, 2012, not later than 5:00 p.m. Pacific time on **Wednesday, June 6, 2012**. If E.S. Constant produces the required documents by that date and time, then this conditional fine need not be paid.

2.      If E.S. Constant has not produced the documents directed in the court's Order of May 4, 2012, by 5:00 p.m. Pacific time on Wednesday, June 6, 2012, then the court imposes **an additional conditional fine of $2,000 per day,** beginning on June 7, 2012, for a maximum of 30 days, until E.S. Constant purges itself of contempt by producing the documents directed in the court's Order of May 4, 2012.

3.      If, by July 9, 2012, E.S. Constant still has not purged itself of contempt by producing the documents directed in the court's Order of May 4, 2012, Plaintiff is directed to so inform the court, and the court will then consider the possibility of imposing additional civil sanctions and/or criminal sanctions, including imprisonment against an appropriate officer, agent, or representative of E.S. Constant. *See generally Mission Capital Works, Inc. v. SC Rests., Inc.,* No. 07-1807, 2008 WL 3850523, at *7-*8 (W.D. Wash. Aug. 18, 2008).

4.      The court concludes that the amounts of the conditional civil contempt sanctions stated above are fair and appropriate, especially since E.S. Constant can avoid the imposition of any conditional sanction merely by providing the documents directed in the court's Order of

OPINION AND ORDER, Page 15

May 4, 2012, by 5:00 p.m. Pacific time on Wednesday, June 6, 2012.  The court is of the opinion that these conditional civil sanctions are sufficient to compel compliance by E.S. Constant.  No punitive sanctions are being awarded at this time.

5.    Kadant Johnson has leave to file a petition for attorney fees and costs incurred in connection its motion for contempt, if it so chooses.  At this time, however, the court expresses no opinion on whether Kadant Johnson is legally entitled to an award of attorney fees and costs.  Instead, the court will receive briefing and hear argument from any interested parties on that question, as well as on the reasonableness of any attorney fees and costs sought, if Kadant Johnson files such a petition.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Stay Pending Appeal Or, in the Alternative, to Temporarily Stay Pending Motion for Stay Filed with the Court of Appeals (Doc. 23) is **DENIED**, and Plaintiff's Motion for Contempt (Doc. 25) is **GRANTED**.

**IT IS SO ORDERED.**

DATED this 5th day of June, 2012.

Michael H. Simon
United States District Judge